IN THE MATTER OF: S.W.
No. COA07-910
North Carolina Court of Appeals
Filed January 15, 2008
This case not for publication
Matthew J. Putnam for petitioner-appellee Buncombe County Department of Social Services.
Jerry W. Miller for Guardian ad Litem.
Michael E. Casterline for respondent-appellant.
MARTIN, Chief Judge.
Respondent father ("respondent") appeals from the trial court's order adjudicating his minor daughter S.W. a neglected juvenile and placing S.W. with the Buncombe County Department of Social Services ("DSS"). For the following reasons, we must vacate the order.
In October 2003, DSS filed a petition alleging abuse and neglect of S.W. by her parents. At a subsequent permanency planning hearing on 19 November 2004, the trial court awarded custody of S.W. to respondent and the paternal grandfather, granted visitation to S.W.'s mother ("mother") at the discretion of respondent, released DSS and the attorneys of record from further responsibility, and rendered the juvenile file inactive.
On 9 June 2006, mother filed a civil action seeking custody of S.W. In the 27 January 2007 custody order, the trial court found that "a substantial, material change of circumstances has occurred since the entry of the Juvenile Order of November 19, 2004," that S.W. was "living in conditions in the homes of the Defendant-Father that amount to neglect," and that "[t]he Plaintiff-Mother is unable due to her mental condition to provide proper, adequate care or exercise custodial control over the minor child." It also found that respondent and the paternal grandfather "have not provided a safe environment for the minor child due to drugs, domestic violence and exposing the minor child to an unsafe environment," and that S.W. "is a neglected child pursuant to Chapter 7B." The trial court ordered that the prior juvenile file be re-activated and placed S.W. in the custody of DSS. A nonsecure custody order was signed on 29 January 2007 nunc pro tunc to 26 January 2007.
On 31 January 2007, DSS filed a juvenile petition alleging that S.W. was neglected, and that the Burke County Department of Social Services ("Burke County DSS") had substantiated a report of domestic violence, drug use, and failure to provide adequate food for S.W. Respondent, the paternal grandfather, and S.W. resided in Burke County at the time of the 27 January 2007 custody order. The petition also alleged that Burke County DSS had referred the case to in-home case planning and case management services. On 5 February 2007 respondent filed a motion requesting that the trial judge recuse himself from the case and also filed a motion to dismiss the petition for improper venue. The trial court denied both motions. On 16 May 2007, the trial court adjudicated S.W. neglected and ordered that S.W. remain in the custody of DSS.
N.C.G.S. § 7B-201(a) provides that "[w]hen the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C. Gen. Stat. § 7B-201(a) (2005). Further, N.C.G.S. § 7B-400 provides:
A proceeding in which a juvenile is alleged to be abused, neglected, or dependent may be commenced in the district in which the juvenile resides or is present. When a proceeding is commenced in a district other than that of the juvenile's residence, the court, on its own motion or upon motion of any party, may transfer the proceeding to the court in the district where the juvenile resides. A transfer under this section may be made at any time.
N.C. Gen. Stat. § 7B-400 (2005).
In the present case, in its 19 November 2004 order, the trial court ordered that "this juvenile file should be inactive and the Buncombe County Department of Social Services, the Guardian ad Litem and the attorneys of record should be released from further responsibility in this matter." In so ordering, the trial court effectively closed the case and terminated its jurisdiction over the matter. See In re P.L.P., 173 N.C. App. 1, 3, 6-7, 618 S.E.2d 241, 243, 244-45 (2005), aff'd per curiam, 360 N.C. 360, 625 S.E.2d 779 (2006) (holding that a trial court's jurisdiction over a juvenile matter ceased when it ordered that the Department of Social Services, the Guardian ad Litem, and the attorneys be "released from further responsibility in this matter" and stated "this juvenile file is hereby closed," and that DSS was required to file a new petition alleging neglect in order to initiate a juvenile action).
Because the juvenile matter was terminated on 19 November 2004, the procedures set out in N.C.G.S. § 7B-400 should have been followed in order to properly initiate the 2007 juvenile action. N.C.G.S. § 7B-400 states that a juvenile action must be commenced in the district in which the juvenile resides or is present, and if it is not, it must be transferred to the district where the juvenile resides. Here, respondent, the paternal grandfather, and S.W. all resided in Burke County on 27 January 2007 when the trial court ordered DSS to file a juvenile petition. Therefore, the juvenile petition filed on 31 January 2007 should have been filed in Burke County and not Buncombe County. The trial court also failed to transfer the matter to Burke County. For these reasons, the trial court had no jurisdiction over the juvenile matter.
Without a petition filed by DSS alleging that a juvenile is an abused or neglected child, the trial court does not have jurisdiction to order DSS to assume nonsecure custody of that juvenile. In Re Ivey, 156 N.C. App. 398, 401, 576 S.E.2d 386, 389 (2003). However, there is one "narrow exception to the requirement that a petition must be filed prior to the issuance of a court order for non-secure custody." Id. at 402, 576 S.E.2d at 389. N.C.G.S. § 7B-500(a) states:
Temporary custody means the taking of physical custody and providing personal care and supervision until a court order for nonsecure custody can be obtained. A juvenile may be taken into temporary custody without a court order by a law enforcement officer or a department of social services worker if there are reasonable grounds to believe that the juvenile is abused, neglected, or dependent and that the juvenile would be injured or could not be taken into custody if it were first necessary to obtain a court order.

N.C. Gen. Stat. § 7B-500(a) (2005) (emphasis added).
In the present case, DSS had not filed a petition at the time the trial court ordered it to take S.W. into nonsecure custody, and the trial court had terminated its jurisdiction in the previous case. In addition, there are no findings of fact indicating that S.W. "would be injured or could not be taken into custody" if DSS were required to first file a petition and obtain an order. Id. Thus, the trial court erred in ordering DSS to assume nonsecure custody of S.W.
Because the trial court lacked jurisdiction over the 2007 juvenile proceeding and had no authority to order S.W. into nonsecure custody, we must vacate the 16 May 2007 order. We therefore do not address respondent's remaining assignments of error.
Vacated.
Judges McCULLOUGH and BRYANT concur.
Report per Rule 30(e).